UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

   - against -

RICHARD DALE STERRITT, JR. et al,

        Defendants.

---------------------------------------X

**MEMORANDUM & ORDER**

21-CV-2008 (KAM)(PK)

KIYO A. MATSUMOTO, United States District Judge:

      In this civil action, commenced on April 14, 2021, the Securities and Exchange Commission (the "SEC") alleges that defendants Richard Dale Sterritt, Jr. (aka Richard Richman), Michael Greer, Deanna L. Looney, Robert W. Magness Jr., Katie Mathews, James Christopher Pittman, and Mark Ross (collectively, defendants) and Naomi Ross, Robyn L. Straza, Angeliki (aka Angie) Touhouliotis, and Rainmaker Advisors, LLC (collectively, relief defendants), participated in multiple fraudulent schemes in violation of the securities laws. (ECF No. 1, SEC Complaint ("SEC Compl.") ¶¶ 1-11.) On April 8, 2021, a grand jury in the Eastern District of New York returned a five-count indictment charging defendant's Richard Dale Sterritt, Jr., Michael Greer, Robert Magness, Mark Ross and Robyn Straza with securities fraud, securities fraud conspiracy, wire fraud conspiracy and money laundering conspiracy for essentially the same conduct

alleged in the SEC Complaint.  *See United States v. Sterrit, et al.*, 21-cr-193 (KAM).  The United States, through the United States Attorney in the Eastern District of New York (the "government"), has moved to intervene in this civil action in order to seek a stay the civil proceedings pending the outcome of the criminal case.  (ECF Nos. 14, Notice of Motion; 14-1 Government's Memorandum of Law in Support of the Application to Intervene and Stay Civil Proceedings ("Gov. Mem.").)  For the reasons set forth below, the government's motion to intervene and for a stay is GRANTED.

## BACKGROUND

On April 8, 2021, the government filed a sealed five-count indictment charging defendants Richard Dale Sterritt, Jr., Michael Greer, Robert Magness, Mark Ross and Robyn Straza with criminal conspiracy and securities fraud.  (*See* No. 21-cr-193, ECF No. 1, Indictment.)  On April 14, 2021, the indictment was unsealed.  (*See* No. 21-cr-193, ECF No. 7.)  That same day, the SEC filed a civil complaint alleging violations of the securities laws by Sterritt, Greer, Magness, Ross, and Straza. (*See* SEC Compl.)

The civil and criminal actions address essentially the same allegedly fraudulent schemes involving the same securities. The indictment and the complaint allege that Sterritt and other defendants participated in fraudulent schemes concerning the

2

securities of Zona Energy, Inc. ("Zona") and the public issuer that later acquired Zona, ERF Wireless, Inc. ("ERFB"), as well as a related market manipulation scheme in another publicly traded company, OrgHarvest, Inc. ("ORGH"). (Indictment ¶ 22; SEC Compl. ¶ 1.) Specifically, both the indictment and SEC complaint focus on: the Zona Energy Offering fraud and subsequent misappropriation of investor funds and scheme to launder proceeds (Indictment ¶¶ 23-48; SEC Compl. ¶¶ 30-77); the ORGH market manipulation scheme involving the use of matched trades and kickbacks to the undercover agent (Indictment ¶¶ 49-72; SEC Compl. ¶¶ 78-102); and the attempted ERFB stock manipulation scheme involving the use of nominee shareholders, a similar matched trading plan, and false press releases (Indictment ¶¶ 73-81; SEC Compl. ¶¶ 103-117).

After the SEC action was filed and the criminal indictment was unsealed, the government promptly moved to intervene in the instant SEC civil action to seek a stay of the civil action pending the outcome of the parallel criminal proceedings and filed a memorandum in support of that motion. (ECF No. 14.) According to the government, defendants Michael Greer, Deanna Looney, Robert Magness, Katie Mathews, James Christopher Pittman, Mark Ross, and relief defendant Robyn Straza have each advised the government through his or her counsel that they do not object to entry of the requested order

to stay the SEC civil case. (Gov. Mem. at 1.) Defendant Richard Dale Sterritt, Jr. has advised the government, through counsel, that he does not consent to entry of the requested order to stay.[1] (*Id.*) The government has not contacted relief defendants Naomi Ross, Angeliki Touhouliotis, or Rainmaker Advisors, LLC for their respective positions on the government's motion. (*Id.*) The government also consulted with the SEC, which takes no position on the government's motion to intervene and stay the civil proceedings. (*Id.*)

**DISCUSSION**

The court will independently analyze the two issues raised by the government's motion. First, the court will address the unopposed request by the government to intervene in this action.[2] Second, the court will address the government's request for a stay of this civil action.

I. <u>**Intervention**</u>

The government has moved to intervene in this action, arguing that it may do as a matter of right or alternatively on

---

[1]  Although Mr. Sterritt has advised the government that he opposes the motion to stay, he has not filed any opposition or memorandum of law on the docket in either the civil or criminal case, despite receiving notice of the government's motion. (*See* ECF No. 17, Certificate of Service.)

[2]  Based on the government's representation, Mr. Sterritt appears to oppose the order to stay the proceedings, but does not appear to oppose the government's motion to intervene. (Gov. Mem. at 1.)

a permissive basis. (*See* Gov. Mem. at 4-7.) The request to intervene is unopposed, but the court nonetheless will address the government's motion.

Under Federal Rule of Civil Procedure 24, a party may intervene in a civil action either as a matter of right or on a permissive basis. Intervention as of right is appropriate when, upon a timely motion, a party seeking to intervene

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2); *see also Griffin v. Sheeran*, 767 F. App'x 129, 132 (2d Cir. 2019) (summary order) ("To intervene as of right under Federal Rule of Civil Procedure 24(a)(2), 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" (quoting *Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996))).

Intervention as of right is appropriate in this case under Rule 24(a)(2). First, the SEC Complaint was filed on April 14, 2021 and the government moved to intervene in a timely manner on May 19, 2021, just over a month later. (*See* ECF Nos.

1, 14); *see Sec. & Exch. Comm'n v. Shkreli*, No. 15-cv-7175 (KAM)(RML), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (delay of just over one month was timely); *United States v. Simpson Borough Place Corp.*, 01-cv-693 (DLI)(VVP), 2007 WL 2581888, at *3 (E.D.N.Y. Sept. 5, 2007) ("A delay of fifteen months is untimely."). Second, the court agrees that the government has "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *Shkreli*, 2016 WL 1122029, at *2 (quoting *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)); *see also Sec. & Exch. Comm'n v. El-Khouri*, No. 19-cv-9744 (LAP), 2021 WL 601652, at *2 (S.D.N.Y. Jan. 26, 2021). Third, further proceedings in this action would likely impair the government's interest in the criminal case in limiting the defendants to the discovery available under the Federal Rules of Criminal Procedure. *See id.* Finally, although the interests of the SEC and the government overlap to some extent, the government is uniquely focused on the enforcement of criminal statutes. *See S.E.C. v. Downe*, No. 92-cv-4092, 1993 WL 22126, at *12 (S.D.N.Y. Jan. 26, 1993) ("[E]ven though the SEC is involved in this action, the United States Attorney may have an interest in this litigation which is qualitatively different from the SEC's interest.").

For these reasons, intervention as of right is appropriate in this action.

Alternatively, the court concludes that permissive intervention under Federal Rule of Civil Procedure 24(b)(1) is also appropriate. Rule 24(b)(1) provides that, upon a timely motion, a court "may" permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Permissive intervention pursuant to Rule 24(b) 'is discretionary with the trial court.'" *Citizens Against Casino Gambling in Erie Cty. v. Hogen*, 417 F. App'x 49, 50 (2d Cir. 2011) (summary order) (quoting *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986)); *see also St. John's Univ., New York v. Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011) (summary order) ("A district court has broad discretion under Rule 24(b) to determine whether to permit intervention . . . .").

Here, as discussed above, there are overlapping facts and some legal issues between the SEC Complaint and the indictment in the criminal case. Specifically, defendants allegedly participated in fraudulent schemes concerning the securities Zona and the public issuer that later acquired Zona, ERFB, as well as a related market manipulation scheme in another publicly traded company, ORGH. (*Compare* Indictment ¶ 22, *with*

SEC Compl. ¶ 1.) In participating in these fraudulent schemes, defendants allegedly engaged in practices in violation of federal criminal and securities laws including the use of matched trades, false press releases, and unlawful kickbacks to manipulate securities prices and defraud investors. (*See* Indictment ¶¶ 49-81; SEC Compl. ¶¶ 78-117.) Both actions share common legal and factual questions, which militates strongly in favor of permissive intervention. *See Downe*, 1993 WL 22126, at *11 (granting permissive intervention where criminal investigation and corresponding SEC action arose "out of common questions of law and fact"); *see also Chestman*, 861 F.2d at 50 (concluding that it was not an abuse of discretion to permit the government to intervene, either as of right or on a permissive basis, to seek a stay of civil discovery in parallel SEC action). Accordingly, permissive intervention is also appropriate.

For these reasons, the government's motion to intervene in this action is GRANTED.

**II. Stay**

Having granted the government's motion to intervene, the court turns next to the parties' dispute over the government's request for a complete stay of this civil action. (Gov. Mem. at 8-16.) "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the

8

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Exercising that inherent power, federal courts "have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (citations omitted) (collecting cases).[3] "Generally, the party seeking a stay bears the burden of establishing its need." *Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC*, No. 16-cv-6848 (DLI)(VMS), 2017 WL 2915365, at *3 (E.D.N.Y. July 7, 2017) (citation omitted).

---

[3] Indeed, criminal defendants frequently seek stays in parallel civil enforcement proceedings, often due to an adverse inference that can arise in a civil action from a party's invocation of the Fifth Amendment privilege against self-incrimination. *See Ironbridge Corp. v. C.I.R.*, 528 F. App'x 43, 46 (2d Cir. 2013) ("We also presume that parallel civil and criminal proceedings can sometimes burden the exercise of the Fifth Amendment privilege against self-incrimination."); *S.E.C. v. McGinnis*, No. 14-cv-6, 2016 WL 591764, at *3 (D. Vt. Feb. 12, 2016) ("Defendants additionally point out that proceeding in the instant case may compromise their Fifth Amendment rights to the extent not already waived . . . ."); *S.E.C. v. Oakford Corp.*, 181 F.R.D. 269, 270 (S.D.N.Y. 1998) ("Often the [stay application filed by the criminal enforcement agency] is joined by the defendant as well, who otherwise confronts the prospect of expensive dual litigation and the dilemma either of having to testify in a pre-trial deposition or, by invoking the privilege against self-incrimination, subjecting himself to a permissible adverse inference in the civil case." (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

Courts in this Circuit have employed a six-factor test to determine whether a stay of civil proceedings, pending the outcome of a party's criminal case, serves the interests of justice. In making determinations about stays, courts consider:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99; *Plaintiffs # 1-21 v. Cnty. of Suffolk*, 138 F. Supp.3d 264, 279 (E.D.N.Y. 2015).

The Second Circuit has explained that these tests are not "mechanical devices for churning out correct results in overlapping civil and federal proceedings," and has accordingly cautioned that the appropriateness of a stay ultimately rests within the sound judgment of the district court "based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Louis Vuitton*, 676 F.3d at 99; *see also McGinnis*, 2016 WL 591764, at *3. The court turns to a holistic consideration of these factors, mindful that none is dispositive.

A.  Overlap of the Issues

The first factor to be examined is the overlap of the issues in the criminal and civil cases. Courts have consistently recognized this as a particularly significant factor. *See Harris v. Nassau Cty.*, No. 13-cv-4728, 2014 WL 3491286, at *3 (E.D.N.Y. July 11, 2014) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues."); *In re 650 Fifth Ave.*, No. 08-CV-10934, 2011 WL 3586169, at *3 (S.D.N.Y. Aug. 12, 2011) (same); *Stamile v. Cty. of Nassau*, No. 10-CV-2632, 2011 WL 1754125, at *4 (E.D.N.Y. Jan. 31, 2011) (same). Where there is overlap, there is a greater concern about self-incrimination. By contrast, if "there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay." *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

As discussed above, a side-by-side examination of the criminal indictment and the civil complaint reveals that the alleged wrongdoing is essentially the same. (*Compare* Indictment ¶ 22, *with* SEC Compl. ¶ 1; *compare also* Indictment ¶¶ 49-81, with SEC Compl. ¶¶ 78-117.) In sum, both cases allege that defendants violated federal and securities laws involving the same securities, using the same fraudulent schemes and manipulative practices. (*See id.*) Thus, the substantial

11

similarity and overlap of the allegations in the two proceedings strongly weigh in favor of granting a stay.

B. <u>The Status of the Case</u>

The second factor considered is the status of the parallel criminal proceeding. "[T]he strongest argument for granting a stay is where a party is under criminal indictment." *Hicks v. City of New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003) (citation omitted); *see also Louis Vuitton*, 676 F.3d at 101 (recognizing that indictment in parallel criminal proceeding "supported the entry of a stay"); *Trustees of Plumbers*, 886 F. Supp. at 1139 ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct . . . ."); *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." (citations omitted)); *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment.")). On the other hand, if "no indictment has been returned and no known investigation is underway, the case for a stay of discovery, no matter at whose instance, is

'far weaker.'"[4] Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 204 (1990) (quoting *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980)).

Here, defendants Richard Dale Sterritt, Jr., Michael Greer, Robert Magness, Mark Ross and Robyn Straza have been indicted. (*See* Indictment at 1.) Accordingly, this factor weighs in favor of a stay of the civil proceeding. *See Harris*, 2014 WL 3491286, at *4 ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." (internal quotation marks and citation omitted)).

C. The SEC's Interests

The third factor looks to the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay. The SEC has not affirmatively joined the government's stay application and "takes no position" on the government's motion, and, accordingly does not oppose the requested stay. (Gov. Mem. at 1.) Thus,

---

[4] Even where an indictment has not yet issued, courts have held that the "status of the case" factor can favor a stay. *See McGinnis*, 2016 WL 591764, at *4 (concluding that the Department of Justice's representation to defense counsel "that an indictment will be forthcoming at some point in the near future" was sufficient to tip the "status of the case" factor in favor of a stay); *see also Louis Vuitton*, 676 F.3d at 100 n. 14 (recognizing that it is appropriate to consider "whether a prosecution is likely and imminent as opposed to a remote or purely hypothetical possibility" when considering whether to stay an action).

13

because the SEC has not articulated an interest or indicated that it would be prejudiced, this factor has no bearing on the court's analysis. *See S.E.C. v. Treadway*, No. 04-cv-3464, 2005 WL 713826, at *2-3 (S.D.N.Y. Mar. 30, 2005) (noting, in case where New York State Attorney General sought a stay of SEC proceedings until the conclusion of a parallel criminal cases, that the SEC — which took no position on the stay — "has not articulated an interest that requires consideration"); *see also S.E.C. v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.*, No. 11-cv-6500, 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) ("The SEC, the Plaintiff in the Civil Case, does not oppose the U.S. Attorney's Motion. This position perhaps indicates support for a stay, but at the very least makes clear that the SEC does not believe it will be prejudiced by one."); *S.E.C. v. Syndicated Food Serv. Int'l*, No. 04-cv-1303 (E.D.N.Y. Aug. 26, 2004), ECF No. 64, at 7 ("[A] stay of discovery would not prejudice the plaintiffs in the civil case, as evidenced by the fact that the SEC does not oppose the government's motion.").

D. <u>Defendants' Interests</u>

The fourth factor considers the private interests and burden on the defendants should a stay be imposed. Although defendant Sterritt has not submitted an opposition to the government's motion, the court notes that the defendant may be

prejudiced if he is denied an "expeditious resolution" of his civil case. *See Shkreli*, 2016 WL 1122029, at *6 (recognizing defendants' legitimate concerns regarding the loss of evidence, the significance of the civil litigation, and the expeditiousness of its resolution). On the other hand, the discovery in the criminal case may help streamline the discovery produced in the civil case. *See Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1011 (E.D.N.Y. 1992) (noting that a stay in a civil action "may streamline later civil discovery since transcripts from the criminal case will be available to the civil parties"). As discussed at a status conference in the criminal case, the government will produce voluminous discovery in this case to defendants and defense counsel.[5] (*See* Case No. 21-cr-193, Minute Entry 4/27/2021.) To the extent Mr. Sterritt may have unspecified concerns about the expeditious progress of the civil case, the court is prepared to consider any request to set a trial date at the next status conference in the criminal case. Overall, although defendant Sterritt may have some legitimate, yet unarticulated concerns regarding the stay in the civil case, the court concludes that the prejudice to defendant Sterritt from a stay would be minimal.

---

[5] Defendants' counsel in the criminal case have requested exclusion of time under the Speedy Trial Act until June 28, 2021, in order to review the voluminous records in this complex criminal case. (*See* Case No. 21-cr-193, Minute Entry 4/27/2021.)

E. Court's Interests

The fifth factor to consider is the interest of the court. In evaluating their own interests, courts often look to the "convenience of the court in the management of its cases" as well as the "efficient use of judicial resources." *Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001) (internal quotation marks and citations omitted); *see also Fendi Adele S.R.L. v. Ashley Reed Trading, Inc.*, No. 06-cv-243, 2006 WL 2585612, at *2 (S.D.N.Y. Sept. 8, 2006) (same).

In this case, the court has a strong interest in the efficient resolution of the both the criminal and civil cases. The civil case is "likely to benefit to some extent from the [c]riminal [c]ase no matter its outcome." *Glob. Indus., Ltd.*, 2012 WL 5505738, at *4. For example, evidence gathered and presented during the criminal prosecution can be used in the civil action. *See Sec. & Exch. Comm'n v. Abraaj Inv. Mgmt. Ltd.*, No. 19-CV-3244 (AJN), 2019 WL 6498282, at *2 (S.D.N.Y. Dec. 3, 2019) (noting that "witnesses' statements are likely preserved in interview notes" and "trial testimony" presented may aid the civil litigation).

"A stay of the civil action while the criminal case moves forward would avoid a duplication of efforts and a waste of judicial time and resources." *Shkreli*, 2016 WL 1122029, at

16

*6 (internal quotation marks omitted); *Sec. & Exch. Comm'n v. LaGuardia*, 435 F. Supp. 3d 616, 622 (S.D.N.Y. 2020) ("Staying this [civil] action could streamline the proceedings, since upon culmination of the criminal case, collateral estoppel could prevent re-litigation of issues adjudicated in the criminal matter."); *Sec. & Exch. Comm'n v. Contorinis*, No. 09-cv-1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *Volmar*, 152 F.R.D. at 42 (granting complete stay of civil proceedings pending outcome of parallel criminal prosecutions in part to "avoid duplication of effort and unnecessary litigation costs"). Accordingly, the court's interests favor a stay.

F. Public Interest

The final factor to consider is the public interest. Where the government and the SEC proceed in parallel actions, it can be difficult to discern whether the public has a stronger interest in the criminal or the civil litigation. Ultimately, the court concludes that the public's interest in the effective enforcement of the criminal law is the paramount public concern. Although the public "certainly has an interest in the preservation of the integrity of competitive markets," the

17

"pending criminal prosecution serves to advance those same interests." *Volmar*, 152 F.R.D. at 40; *see also McGinnis*, 2016 WL 591764, at *5 (granting stay of SEC action in part because the "public's interest in the integrity of the [parallel] criminal case is entitled to precedence over the civil litigant" (internal quotation marks and citation omitted)); *Treadway*, 2005 WL 713826, at *4 ("It is in the public interest . . . to prevent circumvention of the limitations on discovery in the criminal proceedings."); *LaGuardia*, 435 F. Supp. 3d at 622 ("The Government and the public have an interest in ensuring that civil discovery is not used to circumvent limitations on discovery in criminal cases." (internal quotation marks omitted)).

Based upon its consideration of the relevant factors, the court stays the proceedings in the instant civil case during the pendency of the criminal case. The court concludes that the factors outlined by the Second Circuit favor a stay under these circumstances. In sum, "the substantial overlap of the issues in the two actions; the post-indictment status of the criminal case; the SEC's lack of opposition to the government's proposed stay; the court's interest in the efficient resolution of the two proceedings; and the strong public interest in vindication of the criminal law all weigh in favor of a stay of the SEC's civil action." *Shkreli*, 2016 WL 1122029, at *7.

## CONCLUSION

For the foregoing reasons, the government's motion to intervene and for a stay is GRANTED. This action is stayed pending resolution of *United States v. Richard Dale Sterritt, Jr., et. al.*, 21-cr-193 (KAM). The parties are invited to request a trial date at the next status conference in the criminal case. Within two weeks of the conclusion of that criminal proceeding, the parties shall jointly provide a status update regarding the instant civil action to this court.

SO ORDERED.

                                                    /s/
                                        Hon. Kiyo A. Matsumoto
                                        United States District Judge
                                        Eastern District of New York

Dated:    Brooklyn, New York
             May 28, 2021